IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, )<br>    Plaintiff, )<br>)<br> vs. )<br>)<br>MICHAEL BOYD and JOHN DOES )<br>1-6, in their individual capacities )<br>as Federal Bureau of Investigation )<br>Special Agents, )<br>)<br>    Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Emergency Ex Parte Motion for Temporary Restraining Order" [Doc. 10] and the Plaintiff's "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court (Only) the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff" [Doc. 13].

**I. PROCEDURAL BACKGROUND**

On August 4, 2023, the Plaintiff Todd W. Short filed this action against Defendants Michael Boyd and John Does 1-6 in their individual capacities as Federal Bureau of Investigation Special Agents pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388

(1971). [Doc. 1]. The Plaintiff alleges claims under the Fourth Amendment to the United States Constitution for unreasonable search and seizure. [Id.].

On October 23, 2023, the Plaintiff filed the present motion seeking an ex parte temporary restraining order, order to show cause, and other ancillary relief on the basis that he believed that he was to be immediately arrested by the Defendants. [Doc. 10]. Specifically, the Plaintiff moves the Court, *inter alia*, to enjoin the Government from bringing an indictment against him or, if an indictment has already been filed, to enjoin the Government from arresting the Plaintiff. [Id. at 10]. He further requests that the Defendants, or anyone involved in the Plaintiff's criminal investigation, be enjoined from conducting any further wiretaps or his communications or conducting any further "unauthorized searches and seizure." [Id.].

This Court denied this motion via text order the same day with an indication that a written order would be forthcoming. [Text-Only (Ex Parte) Order entered Oct. 24, 2023]. On October 24, 2023, the Plaintiff filed a motion asking this Court to require the United States Attorney for the Western District of North Carolina to disclose the names of the federal agents investigating him. [Doc. 13].

## II. STANDARD OF REVIEW

The Court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). To obtain temporary injunctive relief, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III. DISCUSSION

The Plaintiff's request for injunctive relief is frivolous and must be denied. A <u>Bivens</u> action is the judicially created counterpart to 42 U.S.C. § 1983 and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. 403 U.S. at 395-97. A plaintiff asserting a claim pursuant to <u>Bivens</u> is not entitled to injunctive relief. <u>See</u> id. at 389; <u>see</u> <u>also</u> <u>Davis v. Passman</u>, 442 U.S. 228, 245 (1979). In any event, the doctrine of separation of powers would prohibit this Court from attempting to enjoin the United States Attorney from indicting or arresting the Plaintiff for violations of federal law. <u>See</u> <u>Morrison v. Olson</u>, 487 U.S. 654, 693 (1988) ("Time and again [the Supreme Court has] reaffirmed the importance in our constitutional scheme of the separation of governmental powers into the three coordinate branches."); <u>United States v. Texas</u>, 599 U.S. 670 (2023) ("Under Article II, the Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'").

For these reasons, the Plaintiff's request for emergency relief is denied.

Finally, the Court notes that counsel has made an appearance on behalf of the named Defendants. [See Doc. 9]. The Court will hold the Plaintiff's "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court (Only) the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff" [Doc. 13] in abeyance until the Defendants have had an opportunity to answer or otherwise respond to the Plaintiff's Complaint. Additionally, the Court will instruct the Clerk's Office to remove the ex parte designation on the Plaintiff's Motion for Temporary Restraining Order [Doc. 10] and to provide access to the Motion and this Order to counsel for the Defendants.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Emergency Ex Parte Motion for Temporary Restraining Order" [Doc. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court (Only) the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff" [Doc. 13] is **HELD IN ABEYANCE** until the Defendants have had an opportunity to answer or otherwise respond to the Plaintiff's Complaint.

The Clerk of Court is respectfully instructed to remove the ex parte designation on the Plaintiff's Motion [Doc. 10] and to provide a copy of that Motion, along with a copy of this Order, to counsel for the Defendants.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge