IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MICHAEL BOYD, ) | |
| *FBI Special Agent, in his* ) | |
| *individual capacity*; and ) | |
| JOHN DOES 1-6, ) | |
| *FBI Special Agents, in* ) | |
| *their individual capacities,* ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's "Motion for Leave of the Court to Amend Certificates of Service and Enter into Record the Attached Correct Amended Certificates of Service" (the "Motion to Correct," Doc. 17) and Plaintiff's "Motion for Leave of the Court for the Issuance of Subpoenas to Third Parties" (the "Motion for Third Party Subpoenas," Doc. 18).

I. Background

On August 4, 2023, Todd W. Short ("Plaintiff") filed this action against Michael Boyd ("Boyd") and John Does 1-6, all in their individual capacities as Special Agents of the Federal Bureau of Investigation, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S.

1

388 (1971), "for their unlawful actions during their involvement in the eight-year ongoing criminal investigation" of Plaintiff. Doc. 1.

On October 23, 2023, the United States, on behalf of Boyd and John Does 1-6 (collectively "Defendants"), filed a motion for extension of time to respond to the Complaint. Doc. 9. Therein, the United States represented that Defendants expected to "contest by motion the insufficiency of service of process pursuant to Rules 12(b)(4) and/or (5) in part because, to date, the FBI has not been able to locate any employee named 'Michael Boyd.' Likewise, there has been no evidence of service on him personally (since he does not appear to exist)." Doc. 9 at 2.

On October 24, 2023, the United States' request was granted, and the deadline for Defendants to file an answer or otherwise respond to the Complaint was extended through and including December 11, 2023. Doc. 11.

Also on October 24, Plaintiff filed a Notice updating his contact information, Doc. 12, and a "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court (only) the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff" (the "Motion to Furnish," Doc. 13).

On November 3, 2023, Plaintiff filed a "Motion to Correct Certificate of Services." Doc. 14. That request was granted by text-only Order on November 7, 2023.

On November 6, 2023, the presiding District Judge issued an Order holding the Motion to Furnish in abeyance until Defendants have had an opportunity to answer or otherwise respond to Plaintiff's Complaint. Doc. 15 at 5.

On November 16, 2023, Plaintiff filed a second Notice updating his contact information, Doc. 16, as well as the Motion to Correct and the Motion for Third Party Subpoenas. Docs. 17, 18.

## II. Discussion

### A. The Motion to Correct

This is the second request Plaintiff has made to correct previously filed certificates of service. The Motion will be allowed, but Plaintiff is advised to review the Federal Rules of Civil Procedure and this Court's local civil rules, and to take more care in the future to ensure that his filings are accurate at the time they are submitted.

### B. The Motion for Third Party Subpoenas

Plaintiff requests that five subpoenas be issued: two to financial institutions and three to Plaintiff's internet and/or wireless service providers. Plaintiff contends that the information he could obtain from these companies would be helpful in determining the proper Defendants in this matter.

Local Civil Rule 7.1(b) requires that civil motions show that counsel have conferred and attempted in good faith to resolve areas of disagreement,

3

or describe the timely attempts of the movant to confer with opposing counsel. The Motion for Third Party Subpoenas does not show that Plaintiff has consulted with opposing counsel.

The Motion is also deficient for more substantive reasons. Pursuant to Local Civil Rule 16.1(f), while parties may engage in consensual discovery at any time, Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2). A party seeking early Court-enforceable discovery may file a motion for leave to take early discovery. Here, the scope of the early discovery Plaintiff wishes to obtain is not clear. For example, the Motion indicates that Plaintiff previously obtained documents from the banks but is not clear as to what additional information Plaintiff believes the banks can produce.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Motion for Leave of the Court to Amend Certificates of Service and Enter into Record the Attached Correct Amended Certificates of Service" (Doc. 17) is **GRANTED**, and Plaintiff's Amended Certificates of Service (Docs. 17-1 and 17-2) are **NOTED**.

(2) Plaintiff's "Motion for Leave of the Court for the Issuance of Subpoenas to Third Parties" (Doc. 18) is **DENIED WITHOUT PREJUDICE**. Consistent with the ruling of the presiding District

Judge regarding Plaintiff's Motion to Furnish, Plaintiff may renew the Motion for Third Party Subpoenas after Defendants have had an opportunity to answer or otherwise respond to Plaintiff's Complaint. Further, any renewed Motion must show that Plaintiff has conferred with defense counsel and the outcome of those discussions, and must include proposed copies of the subpoenas Plaintiff requests be issued.

Signed: November 20, 2023

W. Carleton Metcalf
United States Magistrate Judge