IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, )<br>                Plaintiff, )<br>                   )<br>    vs.                 )<br>                   )<br>MICHAEL BOYD and JOHN DOES )<br>1-6, in their individual capacities )<br>as Federal Bureau of Investigation )<br>Special Agents, )<br>                   )<br>               Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motion for Temporary Restraining Order [Doc. 35].

**I.    PROCEDURAL BACKGROUND**

On August 4, 2023, the Plaintiff Todd W. Short filed this action against Defendants Michael Boyd and John Does 1-6 in their individual capacities as Federal Bureau of Investigation Special Agents pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. The Plaintiff alleges claims under the Fourth Amendment to the United States Constitution for unreasonable search and seizure. [Id.].

The Plaintiff previously filed a similar motion seeking an *ex parte* temporary restraining order on the basis that he believed that he was to be

immediately arrested by the Defendants. [Doc. 10]. This Court denied said motion on November 6, 2023. [Doc. 15].

This Plaintiff filed the present Motion on January 26, 2024, seeking a temporary restraining order and a hearing on the matter to present evidence in support of his motion. [Doc. 35]. The Plaintiff alleges that "one or more of the Defendants and/or those acting have destroyed Plaintiff's computer, with malware, and downloaded potentially incriminating evidence they manufactured and installed such of [sic] one or of the Plaintiff's hard drives." [Id. at 2].

## II. STANDARD OF REVIEW

A plaintiff seeking interim injunctive relief, either through a temporary restraining order or a preliminary injunction, must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent injunctive relief, (3) the balance of the equities tips in his favor, and (4) the injunction would be in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. A plaintiff seeking a preliminary injunction "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks

omitted). Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

### III. DISCUSSION

As with the Plaintiff's prior motion for injunctive relief, the Plaintiff's request is frivolous and must be denied. A Bivens action is the judicially created counterpart to 42 U.S.C. § 1983 and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. 403 U.S. at 395-97. A plaintiff asserting a claim pursuant to Bivens is not entitled to injunctive relief. See id. at 389; see also Davis v. Passman, 442 U.S. 228, 245 (1979).

In any event, the doctrine of separation of powers would prohibit this Court from attempting to enjoin or interfere with an ongoing investigation by the United States. See Morrison v. Olson, 487 U.S. 654, 693 (1988) ("Time and again [the Supreme Court has] reaffirmed the importance in our constitutional scheme of the separation of governmental powers into the three coordinate branches."); United States v. Texas, 599 U.S. 670 (2023) ("Under Article II, the Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'").

These issues aside, the Plaintiff has made no showing in his filing as to any of the requirements for injunctive relief.  The Plaintiff's Motion instead reads as a policy statement and cites no legal authority in support of his position.  While the Plaintiff claims he "will file" a memorandum in support of his motion, per the Local Rules of this Court, "a brief must be filed contemporaneously with the motion." [Doc. 35 at 2]; LCvR 7.1(c).  To date, no such brief has been filed.

For these reasons, the Plaintiff's request for injunctive relief is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Temporary Restraining Order [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 29, 2024

Martin Reidinger
Chief United States District Judge