IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| **TODD W. SHORT,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **MICHAEL BOYD, FBI Special Agent,** ) <br> **in his individual capacity; and** ) <br> **JOHN DOES, FBI Special Agents** ) <br> **1-6, in their individual capacities,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before this Court on Plaintiff's Appeal/Objection of Magistrate Judge Decision [Doc. 41].

**I.    BACKGROUND**

On August 4, 2023, Todd W. Short ("Plaintiff") filed this action against Michael Boyd and John Does 1-6 in their individual capacities as Special Agents of the Federal Bureau of Investigation pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff alleges claims under the Fourth Amendment to the United States Constitution for unreasonable search and seizure. [Id.].

On January 26, 2024, Plaintiff filed a Motion for Temporary Restraining Order ("motion for TRO"), as well as motions "to Hold This Case in Abeyance Pending the Determinate (sic) of the Plaintiff Request for Temporary Restraining Order" ("motion to stay") and "to grant the Plaintiff additional Time to File his Amended Complaint" ("motion for an extension"). [Docs. 35-36]. This Court denied Plaintiff's motion for TRO on January 29, 2024. [Doc. 37]. As a result, on January 31, 2024, the Honorable W. Carleton Metcalf, United States Magistrate Judge (the "Magistrate Judge") entered an Order denying Plaintiff's motion to stay as moot. [Text-Only Order: 1/31/2024]. The Magistrate Judge also denied Plaintiff's motion for an extension without prejudice because it did not comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. [Id.]. On February 12, 2024, Plaintiff filed a notice of appeal of the denial of his motion for TRO to the Fourth Circuit Court of Appeals. [See Docs. 38, 40].

Now, Plaintiff appeals the Magistrate Judge's denial of his motions to stay and for an extension to this Court. [See Doc. 41].

## II. Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is

"clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006). Additionally, the reviewing district "court is entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the magistrate judge." Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, 1:19-cv-461 (LMB/TCB), 2020 WL 1917837, at *4 (E.D. Va. Apr. 20, 2020) (citing Harrison v. Shanahan, 1:18-cv-641 (LMB/IDD), 2019 WL 2216474, at *4 (E.D. Va. May 22, 2019)).

## III. DISCUSSION

Plaintiff first contends that the Magistrate Judge erred in denying his motion to stay as moot because he has appealed this Court's denial of his motion for TRO to the Fourth Circuit.[1] However, even assuming that his motion is not moot, a stay pending appeal is not automatic. Rather, for an action to be stayed while an appeal is pending, a plaintiff must demonstrate:

---

[1] As a primary matter, Plaintiff had not yet filed his notice of appeal regarding this Court's Order denying his motion for TRO when the Magistrate Judge denied his motion to stay.

"(1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay." Ark. Best Corp. v. Carolina Freight Corp., 60 F. Supp. 2d 517, 519 (W.D.N.C. 1999) (citing Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)).

Here, Plaintiff is unlikely to prevail on the merits of his appeal for several reasons. First, as this Court explained in denying his motion for TRO as frivolous, a plaintiff asserting a claim pursuant to Bivens is not entitled to injunctive relief. 403 U.S. at 389; see also Davis v. Passman, 442 U.S. 228, 245 (1979). Second, the doctrine of separation of powers would prohibit this Court from attempting to enjoin or interfere with an ongoing investigation by the United States. See Morrison v. Olson, 487 U.S. 654, 693 (1988) ("Time and again [the Supreme Court has] reaffirmed the importance in our constitutional scheme of the separation of governmental powers into the three coordinate branches."); United States v. Texas, 599 U.S. 670, 678 (2023) ("Under Article II, the Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'"). Third, Plaintiff has made no showing in his filings as to any of the requirements for injunctive relief. Instead, his

motion for TRO reads as a policy statement and cites no legal authority.[2] Accordingly, this Court affirms the Magistrate Judge's denial of Plaintiff's motion to stay, albeit for different reasons.

Plaintiff also contends that the Magistrate Judge erred in denying his motion for an extension as untimely. [Doc. 41 at 3]. However, the Magistrate Judge did *not* deny Plaintiff's motion as untimely. [See Text-Only Order: 1/31/2024]. Rather, the Magistrate Judge denied Plaintiff's motion *without prejudice* because he correctly determined that Plaintiff's filing failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. [Id.]. Plaintiff concedes that his motion was non-compliant. [Doc. 41 at 4]. Additionally, the Magistrate Judge specifically advised Plaintiff how he could properly file his motion. Therefore, the denial of Plaintiff's motion for an extension was proper.

For all these reasons, this Court concludes that the Magistrate Judge's denial of Plaintiff's motion to stay and motion for an extension were not

---

[2] Plaintiff has similarly failed to make the required showings under the second, third, and fourth factors. For instance, regarding the second factor, Plaintiff contends merely that a stay pending appellate review "would be a prudent judicial decision in terms of efficiency and fairness." [Doc. 41 at 3]. This is not sufficient to demonstrate that he would likely suffer irreparable injury absent a stay. As to the third factor, while Plaintiff states that a stay "would not disadvantage any party," he offers no authority for this contention. [Id.]. Finally, Plaintiff does not mention the fourth factor—the public interest—in any of his filings.

clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order is affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Appeal/Objection of Magistrate Judge Decision [Doc. 41] is **OVERRULED,** and that the January 31, 2024, Order of the Magistrate Judge denying Plaintiff's Motion to Stay and Motion for Extension of Time to Amend is **AFFIRMED.**

**IT IS SO ORDERED.**

Signed: March 15, 2024

Martin Reidinger
Chief United States District Judge

6

Case 1:23-cv-00207-MR-WCM   Document 50   Filed 03/15/24   Page 6 of 6