IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MICHAEL BOYD, ) | |
| *FBI Special Agent, in his* ) | |
| *individual capacity;* and ) | |
| JOHN DOES 1-6, ) | |
| *FBI Special Agents, in* ) | |
| *their individual capacities,* ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on "Plaintiff's Motion for Exception to Administrative Procedure IA(1) Pursuant to IA(5) to Permit the Plaintiff to File Electronically Due to Disability and Hardship" (the "Motion to File Electronically," Doc. 43) and Plaintiff's Motion to Seal (Doc. 47).

I. The Motion to File Electronically

By this Motion, Plaintiff asks that he be authorized to file documents electronically. In support of his request, Plaintiff states that "his disability has relegated him to a life of economic scarcity," and appears to argue that transportation issues make it difficult for him to travel to the courthouse to file documents. He acknowledges that mailing documents remains an alternative

1

but says that this process also presents problems "in the absence of accessible facilities for document duplication and postage." Doc. 43 at 3.

This Court's Administrative Procedures Governing Filing and Service by Electronic Means ("Administrative Procedures") provide that "parties proceeding pro se may request in writing - solely for the purpose of the action - to receive notice via e-mail whenever a pleading or other paper is filed electronically in accordance with these procedures." Administrative Procedures, revised December 1, 2022, available on the Court's website. However, "[p]arties proceeding pro se shall not file electronically." Id.

Plaintiff is currently receiving electronic notification of filings in this matter. As for electronic filing, however, the usual prohibition against electronic filing by *pro se* parties has not adversely impacted Plaintiff's ability to litigate this matter since it was filed in August 2023, and the undersigned is otherwise not persuaded that an exception to the Court's Administrative Procedures should be made in this case.

## II. The Motion to Seal

By this Motion, Plaintiff asks that the following documents be placed under seal: 1) an unpublished opinion of the North Carolina Court of Appeals that was filed on December 7, 2021 in In the Matter of T.S., COA20-831 (Doc. 44); 2) a Brief for the State in In the Matter of T.S., COA20-831 that was served on February 12, 2021 (Doc. 45), and; 3) a Respondent – Appellant's Brief in In

2

the Matter of T.S., COA20-831 that was served on December 14, 2020 (Doc. 46).

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).

Here, the undersigned has considered the Motion to Seal, the public's interest in access to the subject documents, and alternatives to sealing.

Plaintiff has apparently submitted these documents in an attempt to aid his interlocutory appeal of the denial by the presiding District Judge of Plaintiff's Motion for Temporary Restraining Order. Specifically, Plaintiff has submitted a request for judicial notice (Doc. 48) in which he asks that judicial notice be taken of the proceeding before the North Carolina Court of Appeals that is identified in the subject documents.[1]

---

[1] Given this reference, the undersigned presumes that Plaintiff is the "T.S." identified in the caption of that proceeding and is the subject of that proceeding.

Plaintiff has not cited authorities in support of his request for sealing but does state that the subject documents remain under seal by the North Carolina Court of Appeals.

The Motion to Seal was filed on February 23, 2024 and has appeared on the public docket since that time. No objection has been filed to the Motion and the time for doing so has expired.

Based on the information before the Court at this time, the undersigned will allow the request preliminarily. However, and noting in particular that Plaintiff appears to wish to rely on these documents in support of his interlocutory appeal, this ruling may be subject to further consideration by the Court, or upon a subsequent motion to unseal.

**IT IS THEREFORE ORDERED THAT:**

1. "Plaintiff's Motion for Exception to Administrative Procedure IA (1) Pursuant to IA(5) to Permit the Plaintiff to File Electronically Due to Disability and Hardship" (Doc. 43) is **DENIED**.

2. Plaintiff's Motion to Seal (Doc. 47) is **GRANTED PRELIMINARILY** and Docs. 44, 45, and 46 are **SEALED** until further Order of the Court.

Signed: March 18, 2024

W. Carleton Metcalf
United States Magistrate Judge