IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL BOYD, FBI Special Agent, ) | |
| in his individual capacity; and ) | |
| JOHN DOES, FBI Special Agents ) | |
| 1-6, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Recusal Under 28 U.S.C. § 455 and/or Disqualification Under 28 U.S.C. § 144 [Doc. 49].

Plaintiff, who is proceeding *pro se*, first moves for the undersigned's recusal in this matter. [Id.]. A motion for recusal should be granted only if the judge's "impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'" United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Additionally, adverse judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Here, Plaintiff contends that the undersigned should be recused on the grounds that he has demonstrated "favoritism toward opposing parties[,]" and because he has "personal knowledge of disputed evidentiary facts" and will likely be "called as a material witness for the Plaintiff in this civil action[.]" [Doc. 49 at 2-3]. However, while Plaintiff couches his arguments in terms of bias and "favoritism," his motion clearly takes issue with the Court's prior rulings denying his repeated requests for injunctive relief. Plaintiff's dissatisfaction with these prior rulings is not a sufficient basis for recusal. Moreover, Plaintiff neither explains what specific facts that he believes the undersigned has personal knowledge of, nor why he believes that the undersigned will likely be called as a witness in this proceeding. Put simply, Plaintiff has not articulated any basis to find that the undersigned's

impartiality might reasonably be questioned.  Accordingly, the motion for recusal is denied.

Second, Plaintiff moves for the undersigned's disqualification in this case pursuant to 28 U.S.C. § 144.  [See Doc. 49].

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

As a primary matter, a plaintiff's affidavit in support of disqualification must "be accompanied by a certificate of counsel of record stating that it is made in good faith."  Id.  District courts in this Circuit have disagreed regarding whether *pro se* plaintiffs—who are not attorneys—can meet this requirement.  See Muslim v. United States, 3:21-cv-00184-RJC, 2021 WL 4482969, at *6 (W.D.N.C. Sept. 29, 2021) ("Because Petitioner is proceeding pro se, he cannot file a certificate of counsel as contemplated by § 144."); Bardes v. U.S. Cts., No. 1:17-cv-00089-MR-DLH, 2017 WL 3402080, at *2 n.2 (W.D.N.C. Aug. 8, 2017) (noting that some courts have concluded that *pro se* plaintiffs cannot meet this requirement) (citing Mathis v. Goldberg, No. DKC 12-1777, 2013 WL 1232898, at *1 (D. Md. Mar. 25, 2013) (concluding
3

that a *pro se* plaintiff cannot move for disqualification under § 144), aff'd, 538 F. App'x 310 (4th Cir. 2013)); Davis v. Cogburn, No. 5:16-MC-47-BA, 2017 WL 5616737, at *2 (E.D.N.C. May 11, 2017) ("[Plaintiff]'s Motion fails to satisfy the requirements of Section 144 because it lacks the required certificate of good faith from 'counsel of record.' [Plaintiff] has signed and filed his own certificate of good faith, but he has no lawyer and no counsel of record has signed a certificate of good faith. The statutory language of Section 144 appears to prevent a pro se litigant from using Section 144 to obtain disqualification of the presiding judge."); but see Homan v. Wooten, No. 4:09-cv-1634-CWH, 2010 WL 3814701, at *2 (D.S.C. Sept. 23, 2010) (concluding that a *pro se* plaintiff had met § 144's good faith certificate requirement because Rule 11 requires all *pro se* filings to be in good faith); Kidd v. Greyhound Lines, Inc., No. 3:04-CV-277, 2004 WL 3756420, at *2 (E.D. Va. Sept. 23, 2004) (same).

Even assuming Plaintiff can move for disqualification under § 144, he must still submit "a *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . ." 28 U.S.C. § 144 (emphasis added). For disqualification to be required, "[t]he alleged bias must . . . be personal, as distinguished from judicial, in nature." United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). Disqualification is not

4

warranted where the asserted bias is "merely based upon the judge's rulings in the instant case or related cases . . . ." Id. (internal quotation marks omitted). Put differently, an affidavit is insufficient to support disqualification where it is based only upon a judge's "familiarity with [a plaintiff's] prior case and the pre-trial decisions made against [a plaintiff]." Kayzakian v. Buck, 865 F.2d 1258, 1988 WL 138438, at *1 (4th Cir. Dec. 20, 1988) (unpublished table decision).

    Here, Plaintiff has filed a declaration in which he generally states that he "suffer[s] from a serious mental illness," that he feels he has been subjected to "relentless harassment and intentional targeting" by "law enforcement agents in the course of [an] ongoing criminal investigation," and in which he takes issue with the Court's rulings on his prior motions. [See Doc. 49-2]. Many of Plaintiff's assertions do not specifically reference, nor relate to, the Court. Moreover, those assertions that do state only that the Court is aware of his mental illness and thus, that it should have ruled differently on his previous motions. These assertions are wholly insufficient to demonstrate that the undersigned harbors any personal bias against Plaintiff. As a result, Plaintiff's motion for disqualification is denied.

5

Case 1:23-cv-00207-MR-WCM   Document 52   Filed 03/18/24   Page 5 of 6

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Recusal Under 28 U.S.C. § 455 and/or Disqualification Under 28 U.S.C. § 144 [Doc. 49] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge

6

Case 1:23-cv-00207-MR-WCM   Document 52   Filed 03/18/24   Page 6 of 6