IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MICHAEL BOYD, ) | |
| *FBI Special Agent, in his* ) | |
| *individual capacity*; and ) | |
| JOHN DOES 1-6, ) | |
| *FBI Special Agents, in* ) | |
| *their individual capacities,* ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the following:

1. "Plaintiff's Motion for Leave of the Court to File Plaintiff's Motion for Transcript at Government's Expense" (the "Motion for Leave to File," Doc. 55);

2. "Plaintiff's Motion to Unseal Exhibits" (the "Motion to Unseal Exhibits," Doc. 56); and

3. "Plaintiff's Motion to Unseal Relevant Documents in Criminal Docket Case No. 1:03–cr–00044–MR-DLH-1" (the "Motion to Unseal Criminal Case Documents," Doc. 57).

1

I.   Relevant Background

On August 4, 2023, Plaintiff Todd W. Short filed this action against Defendants Michael Boyd and John Does 1-6 in their individual capacities as Federal Bureau of Investigation Special Agents pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Doc. 1.

On August 14, 2023, Plaintiff was granted leave to proceed *in forma pauperis*. Doc. 3.

On October 23, 2023, Plaintiff filed an "Emergency Ex Parte Motion for Temporary Restraining Order, Order to Show Cause, and Other Ancillary Relief" (the "First Motion for TRO"), in which he asserted that he believed he was to be immediately arrested by Defendants, and sought to enjoin the Government from bringing an indictment against him or arresting him, and to enjoin anyone involved in a criminal investigation of him from conducting wiretaps or unauthorized searches and seizures. Doc. 10. The First Motion for TRO was denied the following day, and a written order was entered on November 6, 2023. Doc. 15. In its written Order, the Court found that Plaintiff's request for injunctive relief was frivolous. Doc. 15 at 4.

On January 10, 2024, the undersigned conducted a status conference and hearing on multiple motions relative to, among other things, Plaintiff's request that the United States Attorney for the Western District of North Carolina

2

furnish the names of the FBI Agents Plaintiff believed to be involved in a criminal investigation of him. See Doc. 32, 13. Plaintiff's request for such an Order was denied without prejudice, and Plaintiff was given through and including January 19, 2024 to file an amended complaint. Doc. 32. Plaintiff's deadline to serve Defendants was enlarged through and including March 1, 2024. Id.

On January 18, 2024, Plaintiff was granted an extension through and including January 26, 2024 to file an amended complaint.

On January 26, 2024, Plaintiff filed a Motion for Temporary Restraining Order and Request for Hearing (the "Second Motion for TRO," Doc. 35). By the Second Motion for TRO, Plaintiff alleged that "one or more of the Defendants and/or those acting [sic] have destroyed Plaintiff's computer, with malware, and downloaded potentially incriminating evidence they manufactured and installed such of [sic] one or of the Plaintiff's hard drives." Doc. 35 at 2. The Court denied the Second Motion for TRO on January 29, 2024, and again stated that Plaintiff's request for injunctive relief was frivolous. Doc. 37 at 3.

On January 31, 2024, the undersigned denied Plaintiff's request that this matter be stayed pending resolution of his interlocutory appeal and denied without prejudice his request to file an amended complaint after the January 26, 2024 deadline. Plaintiff was advised that any request to file an amended complaint would have to be made by way of a separate motion that complied

with the Federal Rules of Civil Procedure and this Court's Local Civil Rules. Plaintiff subsequently appealed these rulings to the presiding District Judge. Doc. 41.

On February 12, 2024, Plaintiff filed a Notice of Interlocutory Appeal, stating that he was appealing the Court's denial of the Second Motion for TRO. Doc. 38. Plaintiff's appeal is currently pending before the United States Court of Appeals for the Fourth Circuit, No. 24-1150. See Doc. 42.

On February 23, 2024, Plaintiff filed various documents that had been filed in a previous proceeding before the North Carolina Court of Appeals, In the Matter of T.S., COA20-821 (the "State Appeal"). See Doc. 44, 45, 46 (collectively, the "Subject Documents"). Plaintiff was granted leave preliminarily to file the Subject Documents under seal. See Doc. 51. In addition to filing the Subject Documents, Plaintiff submitted a request for judicial notice, by which he requested that judicial notice be taken of the State Appeal. See Doc. 48.

On March 15, 2024, the presiding District Judge affirmed the undersigned's January 31, 2024 Order. Doc. 50. In doing so, the Court explained that Plaintiff was "unlikely to prevail on the merits of his appeal for several reasons," including that Plaintiff's request for a temporary restraining order was frivolous. Doc. 50 at 4.

On March 26, 2024, Plaintiff filed the Motion for Leave to File, Motion

4

to Unseal Exhibits, and Motion to Unseal Criminal Case Documents. Doc. 55, 56, 57. Defendants have not responded to these motions, and the time to do so has expired.

## II. Discussion

### A. The Motion for Leave to File

By this Motion, Plaintiff requests leave to commission, at the Government's expense, the preparation of a transcript of the January 10, 2024 hearing, and to file that transcript to aid his interlocutory appeal. Doc. 55.

On February 15, 2024, the Fourth Circuit entered an Informal Briefing Order which stated, in part:

> If a transcript is necessary for consideration of an issue, appellant must order the transcript within 14 days of filing the notice of appeal, using the court's Transcript Order Form. Parties who qualify to proceed without prepayment of fees and costs may apply for preparation of the transcript at government expense. In direct criminal appeals in which the appellant has waived the right to counsel and elected to proceed pro se, the motion for transcript at government expense is filed in the Court of Appeals and transcript is ordered by the Court of Appeals. In other cases, the motion should be filed in the district court in the first instance and must be accompanied by the requisite demonstration of a particularized need for the transcript to decide non-frivolous issues presented on appeal. The motion may be renewed in the Court of Appeals and must be accompanied by the informal brief.
>
> USCA4 Appeal: 24-1150, Doc. 2 at 1-2.

Plaintiff acknowledges that the Informal Briefing Order directed him "to order the transcript within 14 days of filing the notice of appeal." Plaintiff recognizes his failure to meet that deadline but contends that this failure should be excused.

Pursuant to 28 U.S.C. § 753(f), a plaintiff who is proceeding *in forma pauperis* is entitled to a transcript at the Government's expense only if the trial judge or a circuit judge certifies that his appeal is not frivolous but presents a substantial question.

No such certificate has been issued and Plaintiff's Motion is not "accompanied by the requisite demonstration of a particularized need for the transcript to decide non-frivolous issues presented on appeal" as required by the Informal Briefing Order. Further, the Court has noted multiple times that Plaintiff's request for injunctive relief, upon which his interlocutory appeal is based, is frivolous. See Docs. 15, 37, 50. Finally, with respect to the January 10, 2024 proceedings in particular, Plaintiff has not explained how the matters discussed during that hearing would be directly relevant to his interlocutory appeal.

Accordingly, Plaintiff's Motion for Leave to File will be denied.

### B. The Motion to Unseal Exhibits

Previously, Plaintiff requested that the Subject Documents—an unpublished opinion of the North Carolina Court of Appeals that was filed on

December 7, 2021 in the State Appeal (Doc. 44); a Brief for the State in the State Appeal that was served on February 12, 2021 (Doc. 45), and; a Respondent – Appellant's Brief in the State Appeal (Doc. 46)—be sealed.

Relying in part on Plaintiff's representation that the documents remained under seal by the North Carolina Court of Appeals, the undersigned granted Plaintiff's request preliminarily and sealed those items. Doc. 51.

Plaintiff now reverses course and asks that the Subject Documents be unsealed. In support of his request, Plaintiff states that he is the individual referred to as "T.S." in the State Appeal[1] and that he has confirmed the sealed status of the case directly with the Clerk of the North Carolina Court of Appeals, but that he wishes for these documents to be unsealed in light of "the Defendants [sic] motion for the Court to take judicial notice as to the state proceedings related to the sealed exhibits, and the need for full disclosure to the United States Court of Appeals for the Fourth Circuit and the public…." Doc. 56-1 at 1.

However, it is Plaintiff who has requested that judicial notice be taken of the State Appeal. Doc. 48 at 1 ("The Plaintiff, respectfully requests the Court to take judicial notice of the judicial proceedings that were before the North Carolina Court of Appeals, as those proceedings linked directly to the

---

[1] Plaintiff incorrectly references the file number of that matter as being COA-20-831. The actual file number is COA-20-821.

Defendant in this action, and the state law enforcement agents, (defendant) to be added.").

Further, the opinion by the North Carolina Court of Appeals is publicly available. In the Matter of T.S., 2021-NCCOA-673, 280 N.C. App. 560, 865 S.E.2d 904, 2021 WL 5823665 (Dec. 7, 2021). Accordingly, Doc. 44 will be unsealed.

As for the briefs, each one contains a label stating that it is under seal and subject to public inspection only by order of a Court of the Appellate Division. Plaintiff has not provided any documentation indicating that these briefs have been unsealed by the state courts. Further, the briefs have not been submitted in connection with any specific motion in this matter. Accordingly, the Motion will be denied with respect to the briefs (Docs. 45, 46).

### C. The Motion to Unseal Criminal Case Documents

By this Motion, Plaintiff asks that certain documents in a criminal matter from this district involving Plaintiff, United States v. Todd Wilson Short, Case No. 1:03–cr–00044–MR-DLH-1 (the "Criminal Action"), be unsealed. Specifically, Plaintiff's request pertains to the following items: 1) a Probation Petition (Doc. 82); 2) an Order Setting Conditions of Release (Doc. 84); 3) an Appearance Bond (Doc. 85); 4) a Sealed Motion including exhibits (Doc. 92), which was filed by Plaintiff; and 5) an Order (Doc. 93) related to Plaintiff's Sealed Motion.

Plaintiff states that counsel for Defendants indicated he could not take a position on this Motion given that it falls under the purview of the criminal division of the United States Attorney's office. No objection has been filed to the Motion, however.

The Criminal Matter concluded in 2016. Local Criminal Rule 49.1.1(f) provides that "[a]fter final disposition of any criminal case where the file or documents under seal have not previously been unsealed by Court order, all sealed files, sealed pleadings, or any portions thereof shall remain sealed indefinitely until otherwise ordered by the Court on a case-by-case basis."

Here, Plaintiff does not explain sufficiently why the identified filings in the Criminal Action are relevant to this civil proceeding or to Plaintiff's interlocutory appeal. Plaintiff does not rely on these filings to support his allegations. Rather, it appears that Plaintiff wishes to make these documents filed in the Criminal Action part of this civil proceeding in order to provide background regarding a "timeline for the [Government's] investigation" into Plaintiff and "whether the Plaintiff was adequately informed about the investigation's basis." Doc. 57-1 at 3. Plaintiff additionally asserts that he seeks to call the presiding District Judge "to testify about his knowledge of facts surrounding the investigation" and appears to indicate that the five filings he seeks to unseal from the Criminal Action would be relevant to that request. Id.

### D. Service

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 90 days after a complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time, except that the court must extend the time for service if the plaintiff shows good cause for the failure.

Here, Plaintiff filed his complaint on August 4, 2023. His deadline to serve Defendants was extended through and including March 1, 2024. See Doc. 32. It does not appear from the record, however, that any Defendant has been served with a summons and the Complaint.

Consequently, Plaintiff will be directed to show cause as to why the undersigned should not recommend that this matter be dismissed without prejudice.

### IT IS THEREFORE ORDERED THAT:

1. "Plaintiff's Motion for Leave of the Court to File Plaintiff's Motion for Transcript at Government's Expense" (Doc. 55) is **DENIED**.
2. "Plaintiff's Motion to Unseal Exhibits" (Doc. 56) is **GRANTED IN PART** and the Clerk is respectfully directed to **UNSEAL** Doc. 44. The Motion is **DENIED** with respect to Docs. 45 and 46.
3. "Plaintiff's Motion to Unseal Relevant Documents in Criminal Docket

Case No. 1:03–cr–00044–MR-DLH-1" (Doc. 57) is **DENIED**.

4. Plaintiff is **ORDERED TO SHOW CAUSE**, on or before **May 3, 2024**, as to why the undersigned should not recommend that Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: April 16, 2024

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge