# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL BOYD, FBI Special Agent, ) | |
| in his individual capacity; and ) | |
| JOHN DOES, FBI Special Agents ) | |
| 1-6, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Objections to the

Magistrate Judge's April 16, 2024, Order and Request for Hearing" [Doc. 60].

## I.    PROCEDURAL BACKGROUND

On August 4, 2023, the Plaintiff Todd W. Short filed this action against

Defendants Michael Boyd and John Does 1-6 in their individual capacities

as Federal Bureau of Investigation Special Agents pursuant to Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388

(1971), asserting claims under the Fourth Amendment to the United States

Constitution for unreasonable search and seizure.  [Doc. 1].

On October 23, 2023, the Plaintiff filed a motion seeking an *ex parte* temporary restraining order, order to show cause, and other ancillary relief on the basis that he believed that he was to be immediately arrested by the Defendants. [Doc. 10]. Specifically, the Plaintiff moved the Court, *inter alia*, to enjoin the Government from bringing an indictment against him or, if an indictment has already been filed, to enjoin the Government from arresting the Plaintiff. [Id. at 10]. He further requested that the Defendants, or anyone involved in the Plaintiff's criminal investigation, be enjoined from conducting any further wiretaps or his communications or conducting any further "unauthorized searches and seizure." [Id.].

The Court denied this motion via text order the same day with an indication that a written order would be forthcoming. [Text-Only (Ex Parte) Order entered Oct. 24, 2023]. On October 24, 2023, the Plaintiff filed a motion asking this Court to require the United States Attorney for the Western District of North Carolina to disclose the names of the federal agents investigating him. [Doc. 13].

In a written Order entered November 6, 2023, the Court denied the Plaintiff's request for injunctive relief as frivolous. [Doc. 15]. Noting that counsel had made an appearance on behalf of the Defendants, the Court held in abeyance the Plaintiff's motion asking for the disclosure of the

2

identities of the federal agents investigating him until the Defendants had an opportunity to answer or otherwise respond to the Complaint. [Id. at 5]. In December 2023, however, the United States filed a notice of its intent not to answer or otherwise respond to the Complaint. [Doc. 20, as amended by Doc. 22]. The United States Attorney also moved to withdraw from the case. [Doc. 23]. The Plaintiff, in turn, moved for leave to file an amended complaint [Doc. 21] and for an extension of time within which to serve process on the Defendants [Doc. 28].

These pending motions were referred to the Honorable W. Carleton Metcalf, United States Magistrate Judge, for disposition. Following a hearing on January 10, 2024, Judge Metcalf entered an Order which, *inter alia*, denied without prejudice the Plaintiff's motion for the disclosure of the agents' identities and gave the Plaintiff through and including March 1, 2024, to effect service on the Defendants. [Doc. 32].

On January 26, 2024, the Plaintiff filed another motion for a temporary restraining order. [Doc. 35]. The Court denied the Plaintiff's motion on January 29, 2024. [Doc. 37]. On February 12, 2024, the Plaintiff filed an interlocutory appeal of the Order denying the Plaintiff's second motion for a temporary restraining order. [Doc. 38]. That interlocutory appeal remains pending before the Fourth Circuit.

3

In March 2024, the Plaintiff filed a series of motions, seeking leave to file a motion for transcripts at the Government's expense [Doc. 55]; to unseal certain exhibits [Doc. 56]; and to unseal certain documents in his criminal case [Doc. 57]. On April 16, 2024, Judge Metcalf entered an Order denying the Plaintiff's motion for leave to seek transcripts; granting in part and denying in part the Plaintiff's motions to unseal; and directing the Plaintiff to show cause by May 3, 2024, why the Magistrate Judge should not recommend that this case be dismissed because of the Plaintiff's failure to effectuate service on the Defendants. [Id. at 10].

On April 30, 2024, the Plaintiff filed the present Objections to Judge Metcalf's Order. [Doc. 60]. Specifically, the Plaintiff objects to the portion of Judge Metcalf's Order directing the Plaintiff to show cause regarding his failure to effect service. He also seeks a *de novo* review of the portions of the Order denying his motion to unseal documents from his criminal proceeding. [Id. at 17-18]. He also requests a hearing on his Objections. [Id. at 19].

## II.    STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is

4

"clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

P. 72(a).    Under  this  standard,  "[a]  finding  is  'clearly  erroneous'  when

although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been

committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948);

Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III.    DISCUSSION

With  respect  to  the  portions  of  Judge  Metcalf's  Order  denying  the

Plaintiff's motion to unseal, the Plaintiff requests that this Court review his

motion "de novo and reach its own conclusion."  [Doc. 60 at 18].  The Plaintiff,

however, raises no specific objection to Judge Metcalf's ruling in this regard.

The Court is not required to review, under a *de novo* or any other standard,

the factual findings or legal conclusions of the magistrate judge to which no

objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150 (1985); see

also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting that *de novo*

review is not required where a party makes only "general and conclusory

objections that do not direct the court to a specific error in the magistrate's

proposed findings and recommendations").  Nevertheless, having reviewed

the Magistrate Judge's Order, the Court concludes that the denial of the

5

Plaintiff's motion to unseal was neither clearly erroneous nor contrary to law. Accordingly, this portion of the Plaintiff's Objections are overruled.

As for the show cause portion of the Magistrate Judge's Order, the Plaintiff argues that he should not be required to show cause regarding his failure to effect service on the Defendants until after the Fourth Circuit has ruled on his interlocutory appeal of the Order denying a temporary restraining order. [Doc. 60 at 18]. The Plaintiff, however, offers no legal justification for this delay. This matter has been pending for over nine months and, despite being given generous extensions of time, the Plaintiff has failed to effectuate service on any of the named Defendants. Under these circumstances, Judge Metcalf did not err in ordering the Plaintiff to show cause for his failure to effect service. The Plaintiff's Objection in this regard is overruled.

In sum, the Plaintiff's Objections are overruled, and the Magistrate Judge's Order is affirmed in all respects. In lieu of requiring the Magistrate Judge to issue a recommendation regarding dismissal of the Complaint based on a failure of service, the Court will grant the Plaintiff thirty (30) days from the entry of this Order to effect service on the Defendants. Failure to effect service within the time required will result in the dismissal of this action without prejudice.

Based on the foregoing, the Plaintiff's request for a hearing on his Objections to Judge Metcalf's April 16, 2024, Order is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to Judge Metcalf's April 16, 2024, Order [Doc. 60] are hereby **OVERRULED**, and the Magistrate Judge's Order [Doc. 59] is hereby **AFFIRMED**. The Plaintiff's request for a hearing [Doc. 60] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days from the entry of this Order to effect service on the Defendants. Failure to effect service within the time required will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Signed: June 3, 2024

Martin Reidinger
Chief United States District Judge