IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00207-MR-WCM

TODD W. SHORT,                      )
                                    )
        Plaintiff,                  )
                                    )         ORDER
  v.                                )
                                    )
MICHAEL BOYD,                       )
*FBI Special Agent, in his*         )
*individual capacity*; and          )
JOHN DOES 1-6,                      )
*FBI Special Agents, in*            )
*their individual capacities,*      )
                                    )
        Defendants.                 )
_____ )

This matter is before the Court on the following motions, all of which have been filed by Plaintiff:

1. "Motion for Limited Discovery to Identify John Doe Defendants and State Law Enforcement Agents to be Named Defendants" (the "Motion for Limited Discovery," Doc. 64).

2. "Motion for Change of Venue" (Doc. 65).

3. "Motion for Leave to Extend Time to Serve John Doe Defendants" (the "Motion to Extend Service Deadline," Doc. 66).

4. "Motion for the Appointment of Special Master" (Doc. 68).

5. "Motion to Temporarily Seal Plaintiff's Exhibits (SE-4) through (SE-20) and Unredacted Master Exhibit List for Exhibits (SE-4) through (SE-20)" (the "Motion to Seal," Doc. 69).

6. "Motion for Leave to Submit Flash Drive into Evidence" (the "Flash Drive Motion," Doc. 70).

1

7. "Motion for Leave to Submit Relevant Documents and Evidence into Record in Support of Pending Motions and Motion for Appointment of Special Master and Preemptively Prior to Discovery" (the "Evidence Motion," Doc. 71).

8. Multiple Motions for Leave to Amend Certificates of Service (Docs. 72, 73, and 74).

9. "Motion for Leave to Supplement the Record with Summary of Evidence Relevance" (the "Motion to Supplement," Doc. 75).

10. "Motion to Disqualify the United States Attorney from Representing Defendants" (the "Motion to Disqualify," Doc. 76).

11. "Motion to Compel Ruling on Outstanding Motions" (Doc. 77).

12. "Motion for Expedited Consideration of Motion to Compel Ruling on Outstanding Motions" (the "Motion to Expedite," Doc. 78).

## I. Relevant Background

On August 4, 2023, Plaintiff Todd W. Short, appearing *pro se*, filed this action against "Michael Boyd" and John Does 1-6 in their individual capacities as Federal Bureau of Investigation Special Agents, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Doc. 1. Plaintiff alleges that an FBI Special Agent named Michael Boyd ("Boyd") and FBI Special Agents John Does 1-6 (the "FBI John Does") have repeatedly violated Plaintiff's Fourth Amendment rights during an "eight-year ongoing criminal investigation" by utilizing "intrusive electronic surveillances, physical surveillances, wiretaps, and obstructive searches and seizures." Doc. 1 at ¶¶ 1-2. Among other things, Plaintiff contends that the FBI "remotely

2

Case 1:23-cv-00207-MR-WCM    Document 79    Filed 11/05/24    Page 2 of 15

installed…electronic surveillance software on his computer and rerouted his internet service" without a warrant, obtained a wiretap order to monitor Plaintiff's mobile phone and video calls, improperly obtained access to Plaintiff's bank records and the banking application on his mobile phone, and utilized apartments near Plaintiff's own apartment and his mother's apartment to surveil Plaintiff. Plaintiff also alleges that the FBI conducted warrantless searches of Plaintiff's apartment on February 16, 2017 and May 31, 2023, improperly entered his mother's home in order to install a "tracking chip" on a hard-drive Plaintiff had left there, and used text messages in an attempt to entrap Plaintiff.  <u>See</u> Doc. 1 at ¶¶ 15, 21, 24, 27, 34, 39, 40, 64, 66, 72, 75, 92.

On October 24, 2023, Plaintiff filed a "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court Only the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff." Doc. 13 at 1. Therein, Plaintiff asserted that he had identified Boyd by contacting Boyd at a specific telephone number and that he (Plaintiff) had also identified a separate telephone number associated with one of the FBI John Does. Doc. 13 at 4. However, Plaintiff also suggested that "Michael Boyd" could be an alias, or that Boyd and/or the unknown defendants were associated with the North Carolina State Bureau of Investigations (the "SBI"), stating that if the "FBI is not the agency conducting the investigation

that the entire complaint needs to be withdrawn." Id. at 4-5.

In December 2023, the Government advised that it did not intend to answer or respond to Plaintiff's Complaint. Docs. 20, Doc. 22. Counsel for the Government also filed a motion to withdraw, stating that counsel had entered a limited appearance for the purpose of extending the time to answer the Complaint but that, after a diligent search, the FBI was unable to locate any Special Agent Michael Boyd Doc. 23-1.

On January 10, 2024, the undersigned conducted a status conference and hearing regarding multiple motions. See Doc. 32, 13. Among other things, Plaintiff's request for an order requiring the United States Attorney to furnish the names of the FBI Agents Plaintiff believed to be involved in a criminal investigation of him was denied without prejudice, Plaintiff was given through and including January 19, 2024 to file an amended complaint, Plaintiff's deadline to serve Defendants was enlarged through and including March 1, 2024, and the request by counsel for the Government to withdraw was denied without prejudice. Doc. 32.

On January 18, 2024, Plaintiff was granted an extension, through and including January 26, 2024, to file an amended complaint.

Plaintiff did not file an amended complaint by January 26, 2024 but did, on that day, file a "Motion for Temporary Restraining Order and Request for Hearing" (the "Motion for TRO," Doc. 35) and a "Motion to Hold this Case in

4

Abeyance Pending the Determinate of the Plaintiff Request for Temporary Restraining Order and Grant the Plaintiff Additional Time to File his Amended Complaint for Reasons Stated in his Motion for TRO and Declaration File in Support of this Motion and his TRO" (the " Motion to Stay," Doc. 36).

On January 29, 2024, the Motion for TRO was denied. Doc. 37.

On January 31, 2024, the undersigned denied without prejudice Plaintiff's request, as set out in the Motion to Stay, to extend the deadline for him to file an amended complaint. Specifically, to the extent Plaintiff sought leave to file an amended complaint outside of the time previously provided, that request was denied without prejudice and Plaintiff was "advised that such request must be made by way of a separate motion to extend that complies with the Federal Rules of Civil Procedure and this Court's Local Civil Rules."

Plaintiff did not file a separate request seeking leave to file an amended complaint.

On April 16, 2024, the undersigned ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to serve any Defendant. Doc. 59.

On April 30, 2024, Plaintiff objected, asserting that "law enforcement agents and their associates" had prevented him "from amending his complaint, naming, the state law enforcement agents and proxies as defendants, and seeking necessary discovery to uncover the true identities of FBI Special

Agents John Does 1-6." Doc. 60 at 5.

On June 3, 2024, Plaintiff's objections were overruled, and Plaintiff was ordered to effect service on Defendants within 30 days. Doc. 61. Plaintiff was advised that failure to do so would result in the dismissal of this action without prejudice. Id. at 7.

On June 24, 2024 and thereafter, Plaintiff filed the motions that are the subject of this order. Docs. 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78.

The Government has not responded any of these filings.

## II. Discussion

### A. Motion for Change of Venue

28 U.S.C. § 1404(a) grants district courts the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In that regard, courts consider numerous factors, including access to evidence, the advantages and obstacles to a fair trial, and the plaintiff's initial choice of forum. See e.g., Rowland v. Minnesota Life Insurance Co., No. 5:19-CV-00069-KDB-DCK, 2020 WL 534499, at *3 (W.D.N.C. Feb. 3, 2020).

Here, Plaintiff asserts that this matter should be transferred to "either the District Court in Raleigh, NC or Charlotte NC" "due to the close connection between the U.S. Attorney, the local FBI and SBI, and the Court's own

6

knowledge of the criminal investigation of the Plaintiff over the course of the last eight years." Doc. 65 at 1.[1] Plaintiff argues that, in light of these connections, proceeding in this division would create an appearance of impropriety and contends, without elaboration, that both Raleigh (presumably meaning the United States District Court for the Eastern District of North Carolina) and Charlotte (presumably meaning the Charlotte Division of this district) would be appropriate alternative venues.

The undersigned is not convinced that proceeding in the Asheville division of this district would create an appearance of impropriety and otherwise finds that Plaintiff has not carried his burden of establishing that a transfer of this matter pursuant to Section 1404(a) is appropriate.

### B. Identification of Defendants

#### 1. Motion for Limited Discovery

Plaintiff seeks leave to conduct limited discovery to attempt to identify the FBI John Does. Doc. 64-1. Additionally, Plaintiff would like to conduct discovery to attempt to identify relevant state law enforcement personnel with the SBI and the South Carolina Law Enforcement Division. Doc. 64-1 at 2.

---

[1] Plaintiff references his prior criminal case, No. 1:03-cr-00044-MR-DLH-1, and asserts that "since the Court has knowledge of certain facts, issues, and parties involved in this case, and other closely related cases in which the Plaintiff has been involved, such potential conflict of interest exist [sic] as the Plaintiff foreseen possible having to call certain judges and United States Attorneys in the Asheville Division…" Doc. 65-1 at 2.

7

Plaintiff also proposes that a Special Master be appointed and that information responsive to Plaintiff's discovery requests be provided directly to the Special Master, in order to "protect the identities of the defendants while allowing the case to proceed…." Id. at 11.

The Fourth Circuit has explained that although a district court "is not required to act as an advocate for a pro se litigant," the court should, when a "litigant has alleged a cause of action which *may* be meritorious against a person or persons unknown…afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1152-1153 (4th Cir. 1978) (emphasis added).

Here, Plaintiff did not amend his Complaint when he was given the chance to do so, or subsequently file a separate motion seeking leave to amend his Complaint.

Further, although Plaintiff indicates that he wishes to propound written discovery to nonparties – the FBI and SBI – Plaintiff does not explain the specific form this discovery would take.

Additionally, the Government has represented that "after a diligent search, the FBI has been unable to locate any 'Special Agent Michael Boyd,'" "found no records to indicate there has ever been a 'Michael Boyd' employed as

8

a Special Agent with the FBI," and that "all defendants either do not exist or are unknown…." Doc. 20 at 2; Doc. 22 at 1. The Government supports its position through the Declarations of Kathryn L. Swinkey. Docs. 20-1, 22-1.

Finally, throughout his Complaint, Plaintiff alleges that the FBI's surveillance and investigation of him is "ongoing" and that he anticipates being indicted shortly. See e.g., Doc. 1 at ¶¶ 16, 48, 62, 80. However, to the extent Plaintiff seeks discovery in order to identify individuals involved in an ongoing, covert investigation, this Court has previously explained that "the doctrine of separation of powers would prohibit this Court from attempting to enjoin or interfere with" such an investigation. See Doc. 37 at 3 (citing Morrison v. Olson, 487 U.S. 654, 693 (1988); United States v. Texas, 599 U.S. 670 (2023)).

Under these circumstances, the undersigned has closely considered denying Plaintiff's request to conduct limited discovery.

However, considering Plaintiff's factual allegations and his *pro se* status, and after consultation with the chambers of the presiding district judge, the undersigned will grant Plaintiff leave to conduct limited discovery with respect to the identity of Boyd and the FBI John Does.

Plaintiff will not, however, be allowed to conduct such discovery with respect to state law enforcement agencies. While Plaintiff's recent filings suggest that Plaintiff may now believe state law enforcement personnel are the proper defendants, see e.g. Doc. 75 at 7, Plaintiff has not amended his

Complaint to assert material factual allegations supporting such a position.

Accordingly, Plaintiff will be allowed to conduct limited discovery only as to the identity of the existing defendants named in the Complaint.

### 2. Motion to Extend Service Deadline

Considering that Plaintiff will be allowed to conduct some limited discovery, the Court will deny Plaintiff's request for an extension of his deadline to effect service on Defendants without prejudice. This deadline may be reset at a later date, if appropriate.

### C. Submission and Review of Additional Evidence

#### 1. Motion for the Appointment of Special Master, Flash Drive Motion, Evidence Motion, and Motion to Supplement

Plaintiff contends that he has additional evidence to support his claims, and that this additional evidence, which he seeks to submit by way of a flash drive (the "Flash Drive," see Doc. 70-1), should be reviewed by a Special Master and used to supplement his pending motions. See e.g., Doc. 68-1 at 2, 13; Doc. 70 at 1; Doc. 71-7 at 3-4. Additionally, Plaintiff seeks leave to file a summary of "a curated selection of 15 key pieces of evidence" located on the Flash Drive. Doc. 75 at 2.

The Court is not inclined to sift through Plaintiff's additional evidence to attempt to divine what specific information Plaintiff believes supports which particular motions and/or the allegations in his Complaint.

To the extent Plaintiff has obtained additional evidence, including information contained on the Flash Drive, which evidence would provide a good faith basis for him to assert <u>non-speculative</u> and <u>material</u> factual allegations regarding his claims, he remains free to request, by way of a properly supported motion, leave to amend his Complaint to include that information. Plaintiff should also bear in mind that any proposed Amended Complaint should contain "a short and plain statement" of his claims. <u>See</u> Fed.R.Civ.P. 8.

Further, Plaintiff has not established the need for a Special Master or given the undersigned reason to believe that this matter cannot be handled by the Court in the usual course.

Therefore, the Motion for the Appointment of Special Master, Flash Drive Motion, Evidence Motion, and Motion to Supplement will be denied.

### 2. Motion to Seal

Plaintiff wishes to file under seal 17 exhibits (referred to by Plaintiff as "SE-4 through SE-20"),[2] as well as an unredacted "Master Exhibit Index." Doc. 69 at 1.

Plaintiff asserts that these exhibits should be sealed to "safeguard the Plaintiff's right against self-incrimination" and protect the "sensitive personal financial information" of third parties. Doc. 69-2 at 18.

---

[2] These exhibits are contained on the Flash Drive.

11

As an initial point, the undersigned expresses no opinion on how, if at all, Plaintiff's information (whether inculpatory or exculpatory) should be considered in the context of criminal proceedings.

More practically, in order to seal documents, there must be a specific and legally supported basis for the sealing, and any sealing request should be made only after consideration of whether a less extreme approach (such as targeted redaction) would be appropriate.

Here, the undersigned is not persuaded that Plaintiff's unredacted "Master Exhibit List" (Doc. 69-1) and his Memorandum of Law in Support of his Motion to Seal (the "Memorandum in Support," Doc. 69-2) contain information that must be sealed.

Additionally, the undersigned will not direct that the Flash Drive itself be sealed, although will instruct the Clerk's office to retain custody of the Flash Drive for future use in this case, if necessary.

Accordingly, the Motion to Seal will be denied.

### 3. Motions for Leave to Amend Certificates of Service

By these Motions, Plaintiff seeks leave to file amended certificates of service relative to the Flash Drive Motion (Doc. 72) and Motion to Seal (Docs. 73 & 74).

Plaintiff was previously granted leave to submit amended certificates of service with respect to other motions and was advised to review his future

filings for accuracy prior to submission.

Plaintiff may file amended or corrected certificates if necessary. However, the filing and review of motions seeking leave to amend certificates of service is not an efficient use of the resources of the parties or the Court, and the undersigned is not inclined to consider any additional motions of this type in this matter, absent a specific need.

Therefore, Plaintiff's Motions for Leave to Amend Certificates of Service will be denied.

### D. Motion to Disqualify

Plaintiff seeks to "disqualify the United States Attorney's Office for the Western District of North Carolina, Asheville and Charlotte Offices, from representing the Defendants, FBI Special Agents John Doe 1-6…." Doc. 76 at 1. Plaintiff argues that disqualification is appropriate due to the "inherent conflict of interest arising from the United States Attorney's direct and/or indirect involvement, past or present, in the ongoing criminal investigation" of Plaintiff. Id.

Plaintiff has not established that a conflict of interest exists such that disqualification would be proper.

### E. Motion to Compel Ruling on Outstanding Motions and Motion to Expedite

Considering the above rulings, the Motion to Compel Ruling on Outstanding Motions and Motion to Expedite will be denied as moot.

### IT IS THEREFORE ORDERED THAT:

1. The Motion for Limited Discovery (Doc. 64) is **GRANTED IN PART** as follows:

    a. Plaintiff is **GRANTED LEAVE** to conduct a deposition by written questions of the Government's declarant, Kathryn L. Swinkey, as follows:

        i. Plaintiff may submit up to ten (10) written single-part questions to Ms. Swinkey.

        ii. These questions shall be focused solely on Plaintiff's attempt to discover the identity of "Michael Boyd" and the FBI John Does, who are the defendants currently referenced in Plaintiff's Complaint.

        iii. Plaintiff is directed to consult with Assistant United States Attorney Jonathan M. Warren concerning service of these questions and whether such service may be accomplished without further Court intervention.

        iv. Plaintiff shall serve these written questions on or before **November 20, 2024**.

        v. Any response to these written questions shall be served on Plaintiff on or before **December 13, 2024** and shall be simultaneously filed in this matter.

    b. In all other respects, the Motion for Limited Discovery is **DENIED**.

2. The Motion for Change of Venue (Doc. 65) is **DENIED**.

3. The Motion to Extend Service Deadline (Doc. 66) is **DENIED WITHOUT PREJUDICE**.

14

4. The Motion for the Appointment of a Special Master (Doc. 68) is **DENIED**.

5. The Motion to Seal (Doc. 69) is **DENIED**, and the Clerk is respectfully directed to unseal the attachments to that Motion (Docs. 69-1 and 69-2), and to retain custody of the Flash Drive.

6. The Flash Drive Motion (Doc. 70) is **DENIED**.

7. The Evidence Motion (Doc. 71) is **DENIED**.

8. The Motions for Leave to Amend Certificates of Service (Docs. 72, 73, and 74) are **DENIED**.

9. The Motion to Supplement (Doc. 75) is **DENIED**.

10. The Motion to Disqualify (Doc. 76) is **DENIED**.

11. The Motion to Compel Ruling on Outstanding Motions (Doc. 77) and the "Motion for Expedited Consideration of Motion to Compel Ruling on Outstanding Motions" (Doc. 78) are **DENIED AS MOOT**.

Signed: November 5, 2024

W. Carleton Metcalf
United States Magistrate Judge