IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00207-MR-WCM

| | |
|---|---|
| TODD W. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL BOYD, FBI Special Agent, ) | |
| in his individual capacity; and ) | |
| JOHN DOES, FBI Special Agents ) | |
| 1-6, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the following:

(1) The Plaintiff's "Objections to Magistrate Judge Metcalf's Order of November 5, 2024" [Doc. 83];

(2) The Plaintiff's "Objections to Magistrate Judge's Order Entered on December 6, 2024" [Doc. 87];

(3) The Plaintiff's "Motion to Strike United States' Notice of Compliance [Doc. No. 88] and Exhibit A [Doc. No. 88-1], Compel Proper Service, and for Sanctions" [Doc. 89];

(4) The Plaintiff's "Motion to Strike United States' Second Notice of Compliance and Deposition Testimony Exhibit A [Doc. No. 90-1], Compel Proper Service and for Additional Sanctions" [Doc. 91];

(5) The Plaintiff's "Motion for Leave to Supplement Objection to Denial of Issuance of Third-Party Subpoena" [Doc. 92];

(6) The Plaintiff's "Motion for Protective Order" [Doc. 93];

(7) The Plaintiff's "Motion for Leave to File Affidavit under Seal" [Doc. 94];

(8) The Plaintiff's "Ex Parte Motion for Clarification re: Procedure for Filing Motion to Seal Affidavit" [Doc. 95]; and

(9) The Plaintiff's Motion for Leave to Supplement Objection to Magistrate Judge's Order Denying Limited Discovery as to State Law Enforcement Agents" [Doc. 96].

## I. BACKGROUND

On August 4, 2023, the Plaintiff Todd W. Short, appearing *pro se*, filed the present action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against "Michael Boyd" and John Does 1-6 in their individual capacities as Federal Bureau of Investigation Special Agents. [Doc. 1]. In his Complaint, the Plaintiff alleges that an FBI Special Agent named Michael Boyd ("Boyd") and FBI Special

2

Agents John Does 1-6 (the "FBI John Does") have repeatedly violated the Plaintiff's Fourth Amendment rights during an "eight-year ongoing criminal investigation" by utilizing "intrusive electronic surveillances, physical surveillances, wiretaps, and obstructive searches and seizures." [Doc. 1 at ¶¶ 1-2]. Among other things, the Plaintiff contends that the FBI "remotely installed…electronic surveillance software on his computer and rerouted his internet service" without a warrant, obtained a wiretap order to monitor the Plaintiff's mobile phone and video calls, improperly obtained access to the Plaintiff's bank records and the banking application on his mobile phone, and utilized apartments near the Plaintiff's own apartment and his mother's apartment in order to surveil the Plaintiff. The Plaintiff also alleges that the FBI conducted warrantless searches of the Plaintiff's apartment on February 16, 2017 and May 31, 2023, improperly entered his mother's home in order to install a "tracking chip" on a hard drive that the Plaintiff had left there, and used text messages in an attempt to entrap the Plaintiff. [See id. at ¶¶ 15, 21, 24, 27, 34, 39, 40, 64, 66, 72, 75, 92].

On October 23, 2023, the United States Attorney filed a motion on behalf of Boyd and the John Doe Defendants for an extension of time to answer the Complaint. [Doc. 9]. The Magistrate Judge granted that motion, giving the Defendants until December 11, 2023, to respond. [Doc. 11].

On October 24, 2023, the Plaintiff filed a "Motion to Require the United States Attorney for the Western District of North Carolina to Furnish the Court Only the Names of the FBI Agents Involved in the Criminal Investigation of the Plaintiff." [Doc. 13]. In that motion, the Plaintiff asserted that he had identified Boyd by contacting Boyd at a specific telephone number and that he (the Plaintiff) had also identified a separate telephone number associated with one of the FBI John Does. [Id. at 4]. However, the Plaintiff also suggested that "Michael Boyd" could be an alias, or that Boyd and/or the unknown defendants were associated with the North Carolina State Bureau of Investigation (the "SBI"), stating that if the "FBI is not the agency conducting the investigation [then] the entire complaint needs to be withdrawn." [Id. at 4-5].

In December 2023, the Government advised that it did not intend to answer or respond to the Plaintiff's Complaint "due to a lack of authority to represent the named defendants, as all defendants either do not exist or are unknown, or are fictitiously named as John Does." [Doc. 22 at 1]. Counsel for the Government also filed a motion to withdraw, stating that counsel had entered a limited appearance for the purpose of extending the time to answer the Complaint but that, after a diligent search, the FBI was unable to locate any Special Agent Michael Boyd. [Doc. 23-1].

On January 10, 2024, the Magistrate Judge conducted a status conference and hearing regarding multiple motions. Among other things, the Magistrate Judge: denied without prejudice the Plaintiff's request for an order requiring the United States Attorney to furnish the names of the FBI Agents that the Plaintiff believed to be involved in a criminal investigation of him; gave the Plaintiff through and including January 19, 2024 to file an amended complaint; extended the Plaintiff's deadline to serve the Defendants through and including March 1, 2024; and denied without prejudice the request by counsel for the Government to withdraw. [Doc. 32].

On January 18, 2024, the Plaintiff was granted an extension, through and including January 26, 2024, to file an amended complaint. [Text-Only Order entered Jan. 18, 2024]. The Plaintiff, however, did not file an amended complaint by that date. Instead, he filed a "Motion for Temporary Restraining Order and Request for Hearing" [Doc. 35] and a "Motion to Hold this Case Abeyance Pending the Determinate of the Plaintiff Request for Temporary Restraining Order and Grant the Plaintiff Additional Time to File his Amended Complaint for Reasons Stated in his Motion for TRO and Declaration File in Support of this Motion and his TRO" [Doc. 36] ("Motion to Stay").

On January 29, 2024, this Court denied the Plaintiff's request for a temporary restraining order. [Doc. 37]. On January 31, 2024, the Magistrate

Judge denied without prejudice the Plaintiff's request, as set out in the Motion to Stay, to extend the deadline for him to file an amended complaint. Specifically, to the extent Plaintiff sought leave to file an amended complaint outside of the time previously provided, that request was denied without prejudice and the Plaintiff was "advised that such request must be made by way of a separate motion to extend that complies with the Federal Rules of Civil Procedure and this Court's Local Civil Rules." [Text-Only Order entered Jan. 31, 2024]. To date the Plaintiff has not filed a separate request seeking leave to file an amended complaint.

On April 16, 2024, the Magistrate Judge ordered the Plaintiff to show cause why his Complaint should not be dismissed for failure to serve any Defendant. [Doc. 59]. On April 30, 2024, the Plaintiff objected, asserting that "law enforcement agents and their associates" had prevented him "from amending his complaint, naming the state law enforcement agents and proxies as defendants, and seeking necessary discovery to uncover the true identities of FBI Special Agents John Does 1-6." [Doc. 60 at 5].

On June 3, 2024, this Court overruled the Plaintiff's objections to the Magistrate Judge's Order, and the Plaintiff was ordered to effect service on the Defendants within 30 days. [Doc. 61]. The Plaintiff was advised that

failure to do so would result in the dismissal of this action without prejudice. [Id. at 7].

Between June and September 2024, the Plaintiff filed multiple motions, seeking everything from discovery regarding the identity of the John Doe Defendants to a change of venue and the appointment of a special master. [Docs. 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78]. On November 5, 2024, the Magistrate Judge entered an Order, carefully and thoroughly addressing all of the Plaintiff's pending motions. [Doc. 79]. Specifically, the Magistrate Judge granted the Plaintiff leave to conduct limited discovery in order to attempt to identify the FBI John Does by conducting a deposition by written questions on the Government's declarant, Kathryn L. Swinkey. [Doc. 79 at 14]. The Magistrate Judge denied the remainder of the Plaintiff's motions. [Id. at 14-15].

On November 15, 2024, the Plaintiff sought an extension of time to submit his deposition questions to the Government as well as to object to the Magistrate Judge's November 5th Order. [Doc. 80]. The Court granted that motion and gave the Plaintiff until November 26, 2024, to submit his questions and file objections. [Doc. 81]. On November 25, 2024, the Plaintiff filed Objections, totaling 50 pages in length, to the Magistrate Judge's

November 5th Order. [Doc. 83]. The Plaintiff submitted his deposition questions on November 26, 2024. [Doc. 84].

Also on November 26, 2024, the Plaintiff filed a motion seeking leave to issue a third-party subpoena to Marsha V. Hammond, Ph.D., who the Plaintiff represented to be a licensed psychologist and the Plaintiff's former therapist, so that the Plaintiff could obtain records of his clinical sessions that he contended were necessary to identifying the John Doe Defendants. [Doc. 85]. The Magistrate Judge denied that motion on December 6, 2024. [Doc. 86]. The Plaintiff filed objections to the Magistrate Judge's Order the same day. [Doc. 87].

On December 11, 2024, the Government submitted a "Notice of Compliance with Court Order," advising the Court that the Government had served the Plaintiff with responses to his written questions from Agent Swinkey. [Doc. 88]. A copy of those responses were attached to the Government's Notice. [Doc. 88-1]. After further consultation with the FBI's Office of General Counsel, the Government submitted a Second Notice, along with a certified transcript of Agent Swinkey's deposition on those written questions. [Docs. 90, 90-1]. The Plaintiff moves to strike both of the Government's Notices. [Docs. 89, 91].

On December 27, 2024, the Plaintiff filed a motion to supplement his objection to the denial of his request for the issuance of a third-party subpoena to Dr. Hammond [Doc. 92]; a motion seeking to restrict access to and use of the Plaintiff's Affidavit, which he was filing contemporaneously under seal [Doc. 93]; a motion to file said Affidavit under seal [Doc. 94]; and an ex parte motion for clarification regarding the procedure for filing his motion to seal [Doc. 95].

On January 2, 2025, the Plaintiff filed a motion to supplement his Objections to the Magistrate Judge's Order denying him limited discovery as to identity of state law enforcement agents allegedly involved in the investigation of the Plaintiff. [Docs. 96, 97]. Included with this motion are affidavits from the Plaintiff and his mother detailing what the Plaintiff asserts to be further evidence of government agents tampering with his mail and receipt of packages from retailers such as Amazon.

The Government has not responded any of these filings.

## II. DISCUSSION

Having carefully reviewed the Plaintiff's Objections to the Magistrate Judge's Orders of November 5, 2024, and December 6, 2024, the Court finds that the Magistrate Judge's findings and conclusions are correct and consistent with case law. Accordingly, the Plaintiff's Objections to these

Orders [Docs. 83, 87] are overruled. The Plaintiff's motions to supplement these Objections [Docs. 92, 96] are denied as moot.

The Plaintiff's motions to strike [Docs. 89, 91] the Government's Notices of Compliance are frivolous and are denied.

In his ex parte motion, the Plaintiff seeks clarification regarding the procedure required to file an affidavit under seal. [Doc. 95]. The Court cannot provide the Plaintiff legal advice regarding the filing of sealed materials, and therefore, this motion for clarification is denied.

The subject affidavit contains various allegations of misconduct against his former therapist, Dr. Hammond. [Doc. 95-1]. The Plaintiff moves to seal this affidavit and further to restrict the ability of certain individuals in the United States Attorney's Office from accessing the document. [Docs. 94, 95]. At this stage in the proceedings, with no Defendants identified, the Affidavit filed by the Plaintiff is wholly irrelevant to the issue of identifying any of the Defendants named by the Plaintiff in his Complaint such that any Defendants may be served. As such, the Court will strike the Plaintiff's Affidavit [Doc. 95-1] from the record. The Plaintiff's motions to seal and to restrict access to this Affidavit are therefore denied as moot. To the extent that the Plaintiff seeks the recusal of the undersigned in his motion to seal [see Doc. 94 at 2], that motion is also denied.

The Plaintiff initiated this case against one named Defendant, Michael Boyd, and a number of John Does, all of whom the Plaintiff alleged were agents of the FBI. Early on in the case, the Government notified the Plaintiff that no one by the name of "Michael Boyd" had ever been employed as a Special Agent with the FBI. [See Doc. 22-1: Swinkey Decl. at ¶ 2]. Nevertheless, the Court has given the Plaintiff more than a year to identify and serve the Defendants that he has named. In an effort to assist the Plaintiff in this endeavor, the Magistrate Judge allowed the Plaintiff to take the deposition upon written questions of the Government's Declarant, Kathryn L. Swinkey. Ms. Swinkey's deposition testimony establishes that the FBI has not been involved in any investigation or surveillance of the Plaintiff during any of the time periods identified by the Plaintiff. [Doc. 90-1 at 1-10].

The Plaintiff has been repeatedly warned that the failure to identify and serve the Defendants would result in the dismissal of this action. The discovery produced by the Government demonstrates that the Plaintiff cannot identify a federal actor who has committed any wrongdoing against him. As such, the Court finds that this case must be dismissed without prejudice. See Fed. R. Civ. P. 4(m).

The Court notes that the Plaintiff's filings in this matter have been become increasingly paranoid and delusional. Some of the Plaintiff's most

recent filings include allegations that law enforcement agents were surveilling his therapist, and that they were posing as Amazon delivery drivers and tampering with the Plaintiff's deliveries so as to install surveillance devices in the items that the Plaintiff had ordered. [See Docs. 92, 96, 97]. The Plaintiff has inundated this court with hundreds of pages of filings claiming that he is the subject of a years-long campaign of harassment and unlawful surveillance at the hands of law enforcement agents. The Plaintiff, however, has never identified any individual who is allegedly responsible for these acts, nor has he plausibly alleged that any law enforcement agency—state or federal—is liable to him for any type of wrongdoing. The Plaintiff's speculation that agents of some unknown law enforcement agency are unfairly targeting him is simply not sufficient to allow this case to proceed.

The Plaintiff is warned that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses

that process.  Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system.  Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997).  If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous.  See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997).  Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings.  In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's "Objections to Magistrate Judge Metcalf's Order of November 5, 2024" [Doc. 83] are **OVERRULED**, and the Magistrate Judge's Order [Doc. 79] is **AFFIRMED**;

(2) The Plaintiff's "Objections to Magistrate Judge's Order Entered on December 6, 2024" [Doc. 87] are **OVERRULED**, and the Magistrate Judge's Order [Doc. 86] is **AFFIRMED**;

(3) The Plaintiff's "Motion to Strike United States' Notice of Compliance [Doc. No. 88] and Exhibit A [Doc. No. 88-1], Compel Proper Service, and for Sanctions" [Doc. 89] is **DENIED**;

(4) The Plaintiff's "Motion to Strike United States' Second Notice of Compliance and Deposition Testimony Exhibit A [Doc. No. 90-1], Compel Proper Service and for Additional Sanctions" [Doc. 91] is **DENIED**;

(5) The Plaintiff's "Motion for Leave to Supplement Objection to Denial of Issuance of Third-Party Subpoena" [Doc. 92] is **DENIED AS MOOT**;

(6) The Plaintiff's Affidavit [Doc. 95-1] is **STRICKEN** from the record;

(7) The Plaintiff's "Motion for Protective Order" [Doc. 93] is **DENIED AS MOOT**;

(8) The Plaintiff's "Motion for Leave to File Affidavit under Seal" [Doc. 94] is **DENIED AS MOOT**;

(9) The Plaintiff's "Ex Parte Motion for Clarification re: Procedure for Filing Motion to Seal Affidavit" [Doc. 95] is **DENIED**;

(10) The Plaintiff's Motion for Leave to Supplement Objection to Magistrate Judge's Order Denying Limited Discovery as to State Law Enforcement Agents" [Doc. 96] is **DENIED AS MOOT**; and

(11) This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 27, 2025

Martin Reidinger
Chief United States District Judge

15

Case 1:23-cv-00207-MR-WCM    Document 98    Filed 01/27/25    Page 15 of 15